IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK MINOR,<br>*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-20-CV-01033-XR |
| DIVERSE FACILITY SOLUTIONS,<br>*Defendant* | §<br>§<br>§<br>§ | |

## ORDER

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation regarding the above numbered and styled case, filed August 5, 2021 (ECF No. 12) and Plaintiff Patrick Minor's objections, filed on August 11, 2021. After careful review, the Court **ACCEPTS** Magistrate Judge Bemporad's recommendation and **DISMISSES** this complaint.

## BACKGROUND

Proceeding *pro se*, Plaintiff Patrick Minor sued Defendant Diverse Facility Solutions on claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. and the Texas Labor Code. ECF No. 4.[1] Minor filed suit on September 1, 2020 *in forma pauperis* (IFP). *Id.* Minor's original complaint did not indicate whether he presented his claims to either the Equal Employment Opportunity Commission (EEOC) or Texas Workforce Commission (TWC). *See id.* Magistrate Judge Bemporad ordered Minor to provide the Court with

---

[1] Minor also refers to age discrimination as well as the records-keeping provisions of the Fair Labor Standards Act; however, Minor sets out no facts in his complaint to support any violation for such claims. ECF No. 4, at 6, 12.

evidence that he had submitted his charge of discrimination to the EEOC or had received a right-to-sue notice by July 30, 2021.[2] ECF No. 11. Minor failed to comply with the Court's order.

Magistrate Judge Bemporad subsequently issued his Report and Recommendation that the Court dismiss Minor's claims pursuant to 28 U.S.C. § 1915(e) for failure to exhaust his administrative remedies as required before filing suit under Title VII. ECF No. 12. Minor objected to the Magistrate's Report and Recommendation. In his objections, Minor provided his right-to-sue letter from the EEOC, which was mailed on October 15, 2018. ECF No. 15.

## DISCUSSION

### I. Legal Standard

Where the report and recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition de novo pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[De novo] review means that the Court will examine the entire record, and will make an independent assessment of the law." *Johnson v. Sw. Rsch. Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016).

Section 1915(a) enables an indigent person to bring an IFP action in federal court without paying costs, but § 1915(e)(2) prevents abuse of the privilege by authorizing the Court to dismiss the case if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a), (e)(2). A district court is vested with especially broad discretion in determining whether a dismissal under § 1915(e)(2)(B)(i) for frivolousness is

---

[2] Magistrate Judge Bemporad did not address Minor's Texas Labor Code claim.

warranted, and dismissal is appropriate where the complaint has no realistic chance of ultimate success. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *George v. King*, 837 F.3d 705, 707 (5th Cir. 1988). In determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), the Court applies the same standards governing dismissals under Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## II.     Analysis

The Court dismisses Minor's Title VII claim for failure to file suit within the ninety-day limitations period. The Court additionally dismisses Minor's Texas Labor Code claim for failure to exhaust his administrative remedies.

### A. Minor's Title VII claim is dismissed because he failed to file suit within the ninety-day limitations period.

Plaintiffs bringing claims under Title VII must exhaust administrative remedies by filing a charge with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Once a claimant has received their right-to-sue notice, they have ninety days to file suit. *Id.* at 379. The ninety-day limitations period is strictly construed, and courts routinely dismiss cases filed after the ninety-day limitation period has expired. *Id.* However, courts may extend "equitable tolling where 'the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Harris v. Boyd Tunica Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 nn.3–4 (1990)).

The Notice of Right to Sue letter submitted in Minor's objections was mailed by the EEOC on October 15, 2018. ECF No. 15. Accordingly, absent any information to the contrary, there is a

presumption that this letter was received by Minor three days later, *i.e.*, on October 18, 2018. *See Comer v. Gates of Cedar Hill*, No. 3-00-CV-2499-N, 2002 WL 31329364, at *3 (N.D. Tex. Oct. 11, 2002); *see also Jenkins v. City of San Antonio Fire Dep't*, 12 F. Supp. 3d 925, 936 (W.D. Tex. 2014), *aff'd*, 784 F.3d 263 (5th Cir. 2015) (collecting authorities). Minor did not initiate this action until almost two years later, on September 1, 2020. *See* ECF No. 1. Minor has set forth no facts in his complaint or his objections that show he has actively pursued his claims during the statutory period, or that he was induced by Diverse Facility Solution's conduct to allow the filing deadline to pass. Because Minor has failed to allege facts that would support tolling the ninety-day limitations period, the Court must apply the limitations period and dismiss Minor's Title VII claim.

**B. Minor's Texas Labor Code claim is dismissed because he failed to exhaust his administrative remedies.**

Similarly, the Texas Labor Code maintains an administrative review system for obtaining relief for employment discrimination. *Vielma v. Eureka Co.*, 218 F.3d 458, 461 (5th Cir. 2000). Prior to filing a claim, an employee must exhaust their administrative remedies. *El Paso County v. Kelley*, 390 S.W.3d 426, 429 (Tex. App.—El Paso 2012, pet. denied). To exhaust administrative remedies under the Texas Labor Code, a claimant must "(1) file a complaint with the TWC within 180 days of the alleged discriminatory act; (2) allow the TWC 180 days to dismiss or resolve the complaint; and (3) file suit in district court within 60 days of receiving a right-to-sue letter from the TWC and no later than two years after the complaint was filed." *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, pet. denied). When a claimant files their initial charge with the EEOC, if the charge indicates it is a dual-agency filing, the charge will also be considered filed with the TWC. *See Vielma*, 218 F.3d at 462–63. However, an EEOC right-to-sue letter is not interchangeable with a TWC right-to-sue letter. *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 169 n.1 (5th Cir. 2014).

Here, nothing in the record indicates Minor's EEOC charge was simultaneously filed with the TWC or that Minor made a separate charge with the TWC. Minor's complaint makes no reference to the TWC. Additionally, Minor does not provide the Court with his EEOC charge to determine whether the EEOC forwarded Minor's complaint to the TWC. Because there is no indication that Minor filed a charge of discrimination with the TWC or received a right-to-sue letter from the TWC, Minor's Texas Labor Code claim is dismissed for failure to exhaust administrative remedies. *See Howe v. Yellowbrook, USA*, 840 F. Supp. 2d 970, 978 (N.D. Tex. 2011) (finding that where the plaintiff neglected to check the box to simultaneously file her EEOC charge with the TWC, the plaintiff had not met the exhaustion requirement under the Texas Labor Code); *Boone v. Union Carbide Corp.*, 205 F. Supp. 2d 689, 693 (S.D. Tex. 2002) (same); *Smith v. Univ. Tex. Sw. Med. Ctr. of Dallas*, 101 S.W.3d 185, 188–89 (Tex. App.—Dallas 2003, no pet.) (same).

## SANCTION WARNING

The Court now turns to the number of suits Minor has filed in recent years that have been dismissed for frivolousness, failure to state a claim, or for want of prosecution. *See, e.g.*, *Minor v. Mayo*, No. SA-16-CV-439-FB; *Minor v. Thorp*, No. SA-16-CV-440-DAE; *Minor v. Simmons*, No. SA-20-CV-1270-JKP; *Minor v. Red Hook Cajun Seafood*, No. SA-21-CV-210-XR. Federal courts possess an inherent power to sanction abusive litigation practices in order "to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Part of such power includes the ability "to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008).

Minor is hereby warned that he may be sanctioned if he files additional frivolous or baseless lawsuits. Such sanctions may include, but are not limited to, a pre-filing injunction prohibiting

Minor from making future filings without prior court approval or upon other conditions, and other such other sanctions as the Court may deem appropriate.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** Magistrate Judge Bemporad's Report and Recommendation. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The Clerk is **ORDERED** to close this case.

It is so **ORDERED**.

**SIGNED** this 24th day of September, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE